IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LARRY COCHRAN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JKB-22-679 |
| ALISON SMITH-FOOTE, *et al.*, | * | |
| Defendants. | * | |
| | * | |

\*\*\*

## MEMORANDUM OPINION

The above-captioned civil rights complaint was filed on March 21, 2022, together with a Motion to Proceed in Forma Pauperis. ECF Nos. 1, 2. The Complaint alleges that Defendants have repeatedly provided Plaintiff with wheelchairs in various states of disrepair. ECF No. 1. The Motion to Proceed in Forma Pauperis alleges that Plaintiff is in imminent danger, as Plaintiff has accumulated three strikes under the Prison Litigation Reform Act, (PLRA) codified at 28 U.S.C. §1915(g). ECF No. 2; *see, e.g., Cochran v. Schaffer*, 2021 WL 766910 (N.D. Ohio Feb. 26, 2021); *Cochran v. Clerk of Court of the U.S. Court of Appeals for the Seventh* Circuit, 5:16-ct-3218 (E.D.N.C. Sept. 23, 2016); *Cochran v. Lindzau*, 5:15-ct-3138, 2015 WL 9049810 (E.D.N.C. Dec. 15, 2015); *Cochran v. Cochran*, 2:07-cv-208 (N.D. Ind. July 26, 2007); *Cochran v. Dept. of Justice*, 2:20-cv-327 (N.D. Ind. Sept. 9, 2020); *Cochran v. Geit, et al.*, 3:11-cv-134 (W.D. Wisc. Sept. 17, 2013).

The three-strikes rule "generally prevents a prisoner from bringing suit in forma pauperis (IFP) – that is, without first paying the filing fee – if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim on which relief may be granted.'" *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1723 (2020) (quoting 28 U.S.C.

§ 1915(g)). This prohibition applies "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "The exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The "imminent danger" exception to § 1915(g) applies only "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). This provision allows "a very narrow class of prisoner claims to bypass the 'three strikes' rule." *Meyers v. Commissioner of Social Security Administration*, 801 Fed. Appx. 90, 95 (4th Cir. January 28, 2020). Imminent danger must be "close at hand, not a past infraction," and "must have some nexus or relation to those of the underlying complaint." *Id.* at 96 (4th Cir. 2020). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make 'specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin*, 319 F.3d at 1050).

Plaintiff claims that he is in imminent danger due to "being forced to use, a used, unsafe, defective wheelchair, and is being denied a new wheelchair by defendants." ECF No. 2 at 2. Plaintiff has not shown that the lack of a satisfactory wheelchair places him in imminent danger of serious physical injury. Without providing specifics, Plaintiff alleges that the use of unsafe wheelchairs has caused him to fall repeatedly, injuring his head, neck, shoulders, hips, and legs. *Id.* He alleges that further serious injury is imminent if he continues to use an unsafe wheelchair. *Id.* However, Plaintiff's Complaint indicates that his problems with wheelchairs have been going on for well over a year. ECF No. 1. In his Complaint, Plaintiff describes a series of events

beginning in November of 2020 when he arrived at FCI Cumberland in which he was given numerous wheelchairs over the course of several months after sustaining injuries caused by unsafe wheelchairs. ECF No. 1. However, Plaintiff has not described any reason why the wheelchair he is currently using puts him at any greater risk of injury than the various wheelchairs he has used during his time at FCI Cumberland. He also does not explain why, after over a year, his current wheelchair puts him in imminent danger and creates a genuine emergency. Therefore, Plaintiff's Motion to Proceed In Forma Pauperis will be denied.

    A separate Order follows.

Dated this __7__ day of __April__, 2022.

FOR THE COURT:

_____
James K. Bredar
Chief Judge